UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAIMIAH IRBY, | Case No. 15-CV-1997 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER |
| MICHELLE SMITH, Warden, | |
| Respondent. | |

---

Jaimiah Irby, pro se.

Jean E. Burdorf, HENNEPIN COUNTY ATTORNEY'S OFFICE, for respondent.

Petitioner Jaimiah Irby is a state prisoner who was convicted of assault and other crimes after he shot both the mother and the aunt of his children in September 2009. Irby has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court on Irby's objection to the January 27, 2016 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung.[1]  Judge Leung recommends denying Irby's petition, denying Irby's motions to appoint counsel, and denying a certificate of appealability. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Irby's objection and adopts the R&R.

---

[1] Judge Leung signed the R&R on January 26.

Irby initially advanced three grounds in support of his habeas petition, but in his objection he indicates that he is pursuing only one of those grounds—namely, his claim that his Sixth Amendment right to a public trial was violated because the courtroom was closed when the trial judge gave her final instructions to the jury. As described by the Minnesota Court of Appeals, the trial judge announced, "[D]uring the jury instructions the courtroom's going to be locked so no one is able to leave. So if you want to leave, this would be the time to do it." *State v. Irby*, 820 N.W.2d 30, 39 (Minn. Ct. App. 2012).[2] The court of appeals found no evidence that the trial court ordered the removal of any member of the public, press, or Irby's family, and no evidence that the closure prevented anyone from observing the instructions to the jury. *Id.* Based on these findings, the court concluded that Irby had not been deprived of any right under the Sixth Amendment. *Id.*

Irby contends that the decision of the court of appeals conflicts with *Waller v. Georgia*, 467 U.S. 39 (1984), in which the Supreme Court held that, for a closure of a trial to be justified, (1) there must be an overriding interest that is likely to be prejudiced absent closure; (2) the closure must be no broader than necessary to protect that interest;

---

[2]The Minnesota Supreme Court granted review on a separate challenge to Irby's conviction and affirmed for different reasons than those given by the Court of Appeals. *State v. Irby*, 848 N.W.2d 515 (Minn. 2014).

(3) the trial court must consider reasonable alternatives to closure; and (4) the trial court must make findings adequate to support the closure. *Id.* at 48.

*Waller* involved a complete closure of the courtroom. All members of the press and general public were barred for a period of seven days while the court held an evidentiary hearing on a suppression motion; only "witnesses, court personnel, the parties, and the lawyers" were permitted to set foot inside the courtroom. *Id.* at 42. The Eighth Circuit and other lower courts have not applied the *Waller* standard to evaluate a partial closure of a courtroom—that is, a closure in which at least some spectators are permitted to remain. *See United States v. Thompson*, 713 F.3d 388, 395 (8th Cir. 2013). According to the Eighth Circuit, only a substantial reason—and not an overriding interest—is necessary to support a partial closure. *Id.* Moreover, specific findings by the trial court are not necessary if the reviewing court can glean sufficient support for the partial closure from the record. *Id.*

This Court has doubts that the partial closure of the courtroom during Irby's trial would pass muster even under this lesser standard. The trial judge did not articulate *any* reason for the closure, and no reason occurs to the undersigned. Judge Leung speculated that the purpose of the partial closure was to avoid disruption and help the jury focus on their instructions. But courts give final instructions to jurors in hundreds of cases every day without closing the courtroom; nothing in the record of Irby's case

suggests that spectators had been particularly disruptive, or that the instructions were particularly complex, or that the jurors were particularly distractible. The Court has difficulty finding a "substantial reason" justifying the partial closure. *Cf. Presley v. Georgia*, 558 U.S. 209, 215 (2010) (per curiam) (noting "some merit" to the complaint that justifying a closure based on broad, generic concerns applicable to every trial would justify closure "almost as a matter of course").

Thus, if the Court were addressing this issue de novo, the Court might well find that Irby's Sixth Amendment rights were violated. But this is a habeas proceeding, and the question is not whether Irby's Sixth Amendment rights were violated, but whether the Minnesota Court of Appeals' conclusion that Irby's Sixth Amendment rights were not violated was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). To be entitled to habeas relief, Irby must establish that the decision of the court of appeals was "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citations and quotations omitted).

This is a very high hurdle. Irby must show that the decision of the court of appeals was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Moreover, the error must be clear from precedents of the United States Supreme Court existing at the time of the state court's decision; that a state court's decision conflicts with precedents of lower federal courts (such as the Eighth Circuit) is not a justification for federal habeas relief.  *Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and again, that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'").  Not only must the state-court decision conflict with a precedent of the United States Supreme Court, but the decision must conflict with a *holding*; a conflict with dicta is insufficient to support habeas relief.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000) ("clearly established Federal law" means "the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision").

Under this strict standard, Irby's claim must fail.  The decision of the Minnesota Court of Appeals does not conflict with any holding of the United States Supreme Court for the simple reason that, as the Eighth Circuit has recognized, the Supreme Court has never addressed the lawfulness of partial closures.³  *Garcia v. Bertsch*, 470 F.3d 748, 754

---

³A later Supreme Court case applied *Waller* to find a Sixth Amendment violation where a court closed the courtroom to all spectators during voir dire.  *Presley v. Georgia*, 558 U.S. 209 (2010) (per curiam).  Under Eighth Circuit precedent, however, the *Presley*
(continued...)

(8th Cir. 2006). The Minnesota Court of Appeals was not objectively unreasonable in failing to apply the *Waller* standard to the partial closure at issue in this case. Many lower courts have found that a lesser standard (and not the *Waller* standard) should apply to partial closures. Moreover, there is a vast gulf between the facts in *Waller* and the facts in this case. Here, the court of appeals found no evidence that a single person had been excluded from the courtroom. Given these circumstances, it is not clear what justification, if any, the Supreme Court would require under the Sixth Amendment. Indeed, it is not even clear that the Eighth Circuit would find a violation in this case. Because reasonable jurists can disagree about the constitutionality of the trial judge's action, Irby is not entitled to habeas relief.

Irby requests an evidentiary hearing in order to present evidence that the trial judge did, in fact, ask certain spectators to leave the courtroom and that the closure had the effect of preventing some members of the press and the general public from watching the trial judge read her final instructions to the jury. To be entitled to an evidentiary hearing, however, Irby must show that:

    (A) the claim relies on—

---

[3](...continued)
closure would be considered total, not partial. *Thompson*, 713 F.3d at 395 ("Whether a closure is total or partial, according to this circuit's precedent, depends not on how long a trial is closed, but rather who is excluded during the period of time in question."). The Supreme Court has not considered the type of partial closure at issue here.

>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Irby cannot meet this standard. His claim does not rely on any new rule of constitutional law; he has not shown that he could not have previously discovered the facts underlying his claim; and his claim does not call into question whether he is "guilty of the underlying offense." His request for an evidentiary hearing is therefore denied.

Finally, the Court must decide whether to grant Irby a certificate of appealability. To be entitled to a certificate of appealability, Irby must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That standard is met when reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (citation and quotations omitted). Although the Court has doubts about the decision of the Minnesota Court of Appeals, the Court does not have similar

doubts about whether habeas relief is available under the extremely strict standard of § 2254(d)(1). The Court therefore declines to issue a certificate of appealability.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 21] and ADOPTS the January 27, 2016 R&R [Docket No. 16]. IT IS HEREBY ORDERED THAT:

1. Petitioner's amended 28 U.S.C. § 2254 petition [ECF No. 7] is DENIED.

2. Petitioner's motions for appointment of counsel [ECF Nos. 2, 14] are DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 13, 2016          s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge